IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS SKÖLD**<br><br>　　　　　　**Plaintiff,**<br><br>　v.<br><br>**SONOMA PHARMACEUTICALS, INC.**<br><br>　　　　　　**Defendant.** | **CIVIL ACTION NO. 21-1026** |

## ORDER

**AND NOW,** this 27th day of September 2022, upon consideration of the pending motions, and the responses and replies thereto, it is hereby ordered that:

1. Plaintiff's Motion for Partial Summary Judgment [Doc. No. 20] is **GRANTED** for the reasons stated in the accompanying Memorandum Opinion as follows:

   a. Partial summary judgment is **GRANTED** in favor of Plaintiff/Counterclaim Defendant, Thomas Sköld, and against Defendant/Counterclaim Plaintiff, Sonoma Pharmaceuticals, Inc., on the issue of liability as to the Complaint and Counterclaim.

   b. Sköld is **AWARDED** partial damages in the amount of $470,000 in past due and guaranteed future License Maintenance Fees, plus prejudgment interest accruing from the dates Sonoma should have paid each minimum monthly License Maintenance Fee.

   c. Within 30 days, Sonoma shall provide to Sköld an accounting showing marketing efforts and sales of Ceramax products since April 2020.

    d.    Sonoma is directed to transfer to Sköld the Ceramax trademark and registration, all regulatory filings and approvals, including the FDA 510K registrations for the Ceramax products, all records, and all clinical studies regarding the Ceramax products.

2. Plaintiff's Motion to Compel [Doc. No. 22] is **GRANTED in part** and **DENIED is part**[1] as follows:

   a. Within 21 days, Defendant shall produce the February 2, 2021 and February 10, 2021 e-mails from Thomas Devine or identify a specific and appropriate basis for withholding the documents with a reasonably detailed description of the subject matter of the documents listed on the privilege log.

   b. Within 21 days, Defendant shall produce any memoranda or draft memoranda authored by Thomas Devine addressing the issue of Sonoma's contractual liability to Thomas Sköld; or shall identify a proper basis for withholding the memoranda; or shall describe what efforts have been made to locate the memoranda if they have not been located.

   c. The Court will not impose sanctions at this time.

---

[1] Plaintiff filed a motion to compel Defendant to produce three documents: a February 2, 2021 email from Thomas Devine to Amy Trombly, a February 10, 2021 email from Devine to Trombly and Marlene Martin, Esquire, and a memorandum drafted in January or February of 2021 from Devine to Trombly that Devine previously read over the telephone to Plaintiff in March of 2021. Defendant's privilege log lists a number of emails, apparently including the first two sought. Defendant argues that if the third document (the Devine memorandum) exists, it has either been produced or it was withheld as privileged. Plaintiff has asserted that it has not been produced, and cannot determine whether it has been withheld as privileged. The documents on the privilege log between Trombly and others dated after Trombly became CEO are not privileged as Trombly's status as an attorney cannot shield from discovery documents that were sent to or written by her in her capacity as CEO. *Cf. Custom Designs & Mfg. Co. v. Sherwin-Williams Co.*, 39 A,3d 372, 379 (Pa. Super. Ct. 2012) (holding that the communication must be for the purpose of obtaining legal advice to be protected). Sonoma must identify which documents are otherwise based on attorney-client privilege or work-product protection.

3. Plaintiff's Motion to Strike [Doc. No. 28], to which no opposition was filed, is **GRANTED in part and DENIED in part**. The motion is **GRANTED** as to the assertions of fact unsupported by reference to evidence in the record and as to assertions of fact based on unattributed hearsay. The Motion is **DENIED** as to statements based upon what identified individuals told Amy Trombley.[2]

4. The parties shall confer and submit a joint status report within **21 days** as to what issues remain to be determined and a proposed schedule for the resolution of such issues, and shall include a statement as to whether the parties consent to resolution of the remaining issues before a magistrate judge[3] and whether a settlement conference with a magistrate judge or some other form of alternative dispute resolution would be helpful.

It is so **ORDERED**.

**BY THE COURT:**

/s/Cynthia M. Rufe

_____
**CYNTHIA M. RUFE, J.**

---

[2] "The rule in this circuit is that hearsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." *Fraternal Order of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238 (3d Cir. 2016) (internal quotation marks, alterations, and citation omitted). "In ruling on a motion for summary judgment, the court need only determine if the nonmoving party can produce admissible evidence regarding a disputed issue of material fact." *Id.* (citing Fed. R. Civ. P. 56(c)(2)). Although Trombley's testimony is hearsay, to the extent that she identified the sources of the information, such as Dr. Robert Northey and Brian Martin, the evidence will not be stricken, as those witnesses could testify at trial based upon personal knowledge (for example, Plaintiff states that Dr. Northey is a consultant to Sonoma). Doc. No. 28-1 at 5.

[3] If the parties consent to the reference of the civil action to a magistrate judge, they should file the form entitled Consent and Reference of a Civil Action to a Randomly Assigned Magistrate Judge, available at http://www.paed.uscourts.gov/documents2/forms/forms-miscellaneous.